IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TYLER MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-21-680-HE |
| | ) | |
| ELMINGTON PROPERTY MANAGEMENT LLC, | ) ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | **Attorney's Lien Claimed** |

## COMPLAINT

Plaintiff Tyler Morgan, ("Morgan") for his cause of action against Defendant Elmington Property Management LLC ("Elmington"), alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

2. Venue is proper in this Court because Morgan's cause of action arose within this judicial district.

## THE PARTIES

3. At all relevant times, Morgan was and now is a resident of Oklahoma or Canadian County, State of Oklahoma.

4. At all relevant times, Elmington was and now is a Tennessee Limited Liability Company that owns and manages properties in Oklahoma and entered into an employment relationship with Morgan in the state of Oklahoma in connection with property Elmington manages in this state.

1

## FACT ALLEGATIONS

5. Morgan is within a class protected by Title VII as a gay male.

6. Morgan was hired by Elmington Property Management, LLC in November 2019.

7. Throughout his employment with Elmington, Morgan performed his job duties and responsibilities in a more than satisfactory manner.

8. Morgan's initial supervisor was Trish Beirne ("Beirne"). Morgan got along with Beirne and initially was successful in the company. Tenant satisfaction at Elmington's Oklahoma City properties improved dramatically under Morgan's management. And rent collection significantly increased.

9. After Morgan came back from a vacation in early June 2020, Morgan learned that Beirne would no longer be his supervisor and that his new supervisor would be DeWana Morris ("Morris").

10. After coming under the supervision of Morris, Morgan was told that there would no longer be a need for an area manager in the Oklahoma City market. Morgan asked what would happen to him and received no clear response. Although Morgan continued to ask questions about his future with Elmington, he was told only that he was taking the situation too personally.

11. Morgan was terminated on June 17, 2020, around 12:45 p.m. by DeWana Morris.

12. During the meeting in which Morgan was terminated, Morris described Morgan as prissy and flamboyant and stated that the reason Morgan was being terminated

was because the two of them were not going to get along. Because these comments were made during the termination meeting and are indicative of motive, Morgan has direct evidence of sexual orientation discrimination.

13. Morgan tried to contact corporate HR and failed to receive any support. Morgan was told that the only available HR representative was on vacation, but he was not told of her expected return date.

14. Morgan was a top performer. He met all his performance objectives and was never the subject of any disciplinary action. He received bonuses for excellent work and congratulated in "Brag your its." His leadership was instrumental in improving property occupancy and delinquency.

15. When Morgan participated in an exit interview, his interviewer, Mary Carol Ledger, stated that it had been documented in the termination checklist that Morgan had resigned from his position. Morgan stated that this was false and documented in his exit interview that he had been fired by Morris. The fact that Elmington internally reported that Morgan had resigned his position shows that any reason that Elmington attempts to cite for Morgan's termination is a pretext for sexual-orientation discrimination.

16. Morgan exhausted his administrative remedies under Title VII, in that Morgan timely filed his charge of discrimination with the EEOC on September 09, 2020, and the notice of suit rights was issued by the EEOC on June 14, 2021. And Morgan has timely commenced this lawsuit within 90 days of the EEOC's Notice of Suit Rights.

## FIRST CAUSE OF ACTION—DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

17. Morgan incorporates the above paragraphs by reference.

18. Morgan is in the protected classification of Title VII of the Civil Rights Act of 1964, as amended, as a gay male.

19. Elmington intentionally discriminated against Morgan because of his protected classification as a gay male. Elmington took the adverse actions described herein up to and including Morgan's termination and treated him differently than those similarly situated employees performing equal work.

20. As a direct result of Elmington's employment decisions and actions, Morgan has suffered and continues to suffer emotional and mental distress, harm to his professional reputation, humiliation, economic loss, and an over-all loss of enjoyment of life all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Morgan prays for judgment against Elmington as follows:

(1) That Elmington be ordered to make Morgan whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2) That Elmington be ordered to pay Morgan compensatory damages pursuant to 42 U.S.C. §1981(a) in an amount to be determined by the jury at the time of trial;

(3) That Elmington be ordered to reinstate Morgan to his prior position at the same rate of pay and benefits under another supervisor or, in lieu of reinstatement, that Elmington be ordered to award Morgan front pay for a period of years as determined by the Court to be just and equitable under the circumstances;

(4)     That Elmington be ordered to off-set Morgan's tax liability increase as a result of obtaining back-pay in a large lump sum;

(5)     That Elmington be ordered to pay Morgan costs, including expert witness fees and a reasonable attorney fee pursuant to 42 U.S.C. §2000e(5)(k); and

(6)     For such other and further make-whole relief as the Court deems just and proper.

                                       Respectfully submitted,

                                       WARD & GLASS, LLP

                                       s/Jonathan M. Irwin
                                       Woodrow K. Glass, OBA #15690
                                       Jonathan Irwin, OBA #32636
                                       1601 36th Avenue, N.W.
                                       Norman, Oklahoma 73072
                                       (405) 360-9700 / (405) 360-7902 fax
                                       ATTORNEYS FOR PLAINTIFF